**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

**PUJA VAISHYA,**

**Plaintiff,**

**v.**

**MARCO RUBIO,** ***in his official capacity as Secretary of the Department of State*****;**

**U.S. DEPARTMENT OF STATE,** ***Executive Agency*****, and**

**LAURA WILLIAMS,** ***in her official capacity as U.S. Consul General, U.S. Consulate in Hyderabad, India*****,**

**Defendants.**

**Case No. 1:26-cv-12859**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MANDAMUS**

## COMPLAINT

Plaintiff, Puja Vaishya, through undersigned counsel, alleges as follows:

## I. INTRODUCTION

This is an action to compel the Department of State and its officers ("Defendants") to immediately take all appropriate action to issue a decision on the long-pending H1B nonimmigrant visa application of Plaintiff, which has remained stagnant since her consular interview in October 2025.

Ms. Vaishya is employed as a software engineer at Fidelity Technology Group, which filed an H1B petition on her behalf via I-129, Petition for Nonimmigrant Worker, on June 10, 2025. The application was approved on June 24, 2025. Ms. Vaishya then travelled to India for

her consular interview in October 2025, and she married her husband shortly after. While Ms. Vaishya's husband was able to return to the United States, Ms. Vaishya was not, and she remains separated from her husband and her work while her visa application remains pending. Ms. Vaishya has provided all additional information that was requested. She has been placed on unpaid leave since travelling to India for her interview, which has been extended until September 4, 2026. Thus, failure to timely adjudicate Ms. Viashya's petition could result in her loss of employment and therefore her ability to reside with her husband in the United States.

Ms. Viashya's visa application has been severely delayed by purported "administrative processing." Defendants stated that they cannot offer any estimate of how long administrative processing will take, leaving Ms. Vaishya in a constant state of stress and uncertainty. Plaintiff submitted all necessary evidence to issue a decision, and despite Congressional inquiries, she has received no further information or updates from Defendants besides boilerplate responses that fail to apprise her of the status of her case or when her case will be resolved. Without a timely adjudication of her nonimmigrant visa application, Plaintiff will be unable to travel to the U.S. to continue working and living with her husband.

Defendants have a clear and unambiguous duty to adjudicate the visa application and to do so within a reasonable timeframe. The length of administrative processing by the Defendants in adjudicating Plaintiff's visa application, after numerous inquiries, is clearly unreasonable, as it has now been over eight months since her consular interview.

## II. JURISDICTION AND VENUE

1. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction over all civil actions arising

under the Constitution, laws, or treaties of the United States."

2. This Court can also compel agency action that is unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

3. Further, this Court has subject matter jurisdiction under the Mandamus statute, 28 U.S.C. § 1361. Districts courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to process and adjudicate Plaintiff's visa in a timely and reasonable manner despite their clear, non-discretionary duty to do so, and there is no other adequate remedy available to Plaintiff.

4. This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. § 702).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. All administrative remedies have been exhausted by Plaintiff. Plaintiff has standing. Defendants' unlawful actions in refusing to adjudicate and issue Plaintiff's visa have caused and continue to cause Plaintiff a concrete and particularized injury by denying Plaintiff the opportunity to return to the United States and continue working here and residing with her husband. The requested relief will redress these injuries by allowing Plaintiff to obtain the non-immigration benefits for which she is otherwise eligible.

## III. PARTIES

7. **Plaintiff Puja Vaishya** is a native and citizen of India. She is currently stranded in India, away from her husband, awaiting adjudication of her nonimmigrant visa application. She is the beneficiary of an approved I-129, Petition for a Nonimmigrant Worker, filed and approved in 2025. She was interviewed in October 2025, yet her application remains stalled despite no explanation. She is still awaiting adjudication of her Nonimmigrant Visa Application despite several inquiries.

8. **Defendant Marco Rubio** is the U.S. Secretary of State and is responsible for overseeing the administration of all aspects of the Department of State. He is sued in his official capacity.

9. **Defendant U.S. Department of State** is a cabinet-level department of the U.S. federal government. Department of State ("DOS") is responsible for the issuance of nonimmigrant visas abroad.

10. **Defendant Laura Williams** is the Consul General of Hyderabad, India. She is sued in her official capacity.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff is a native and citizen of India who currently seeks to return to Boston, Massachusetts, where she resided before her consular interview.

12. Ms. Vaishya works as a software engineer for Fidelity Technology Group, who filed an H1B petition for her on June 10, 2025, and which was approved on June 24, 2025. <u>Exhibit A: I-129 Approval Notice</u>. On October 12, 2025, Ms. Vaishya had her nonimmigrant visa interview at the U.S. consulate in Hyderabad, India. <u>Exhibit B: Email Confirmation of Interview</u>. However, her visa was refused because the consulate requested the original police

report from a dismissed incident. Exhibit C: 221(g) Letter. Ms. Vaishya promptly provided the information and submitted several inquiries with the consulate. Exhibit D: Consular Inquiries. However, the only explanation that Defendants provided was that her case was subject to "administrative processing" without any timeline as to when her case would be adjudicated. Id. Ms. Vaishya also contacted her congressional representative, but she received the same boilerplate responses about "administrative processing" without any further information. Exhibit E: Congressional Inquiry Responses. Ms. Vaishya remains stranded in India ever since.

13. Shortly after her interview, Ms. Vaishya married her husband, whose H1B application was approved. He has since returned to the United States due to his work obligations, and Ms. Vaishya is stuck in India seeking to join him in the United States.

14. Defendants' actions and omissions, enumerated in this action, have directly impacted and jeopardized Plaintiff's future and have put her stability at risk, as she is away from her employment and her husband in the United States. She has been on unpaid leave, which has been extended until September 4, 2026, and she seeks loss of her employment if her application is not timely adjudicated.

15. Plaintiff must receive an H1B visa and accompanying visa foil to enter the United States to temporarily work and provide her expertise as a software engineer.

16. Plaintiff has no other recourse against Defendants' arbitrary and unlawful actions than by way of this lawsuit.

## V. RESERVATION OF RIGHTS

17. Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Unreasonable Delay in Violation of the Administrative Procedure Act (5 U.S.C. § 706(1))

18. Section 706(1) of Title 5 provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

19. "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."5 U.S.C. § 555(b).

20. The "agency action" that is covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent to denial thereof, or *failure to act*." 5 U.S.C. § 551(13) (emphasis added).

21. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

22. Accordingly, when a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23. The government's failure to process and adjudicate Plaintiff's application constitutes agency action reviewable by this Court because it is a "failure to act." 5 U.S.C. § 551(13).

24. The doctrine of consular non-reviewability would not apply here. A final action occurs when the "agency's decision-making process is at an end." *Fund for Animals v. Williams*, 391 F. Supp. 2d 132, 137 (D.D.C. 2005) (dicta). However, a mere indication that one decision-making process has concluded "does not constitute a final agency action" when there remain "subsequent discretionary actions requiring separate and independent decision-making that are

divorced from the prior decision." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 893 (1990) (quotations omitted)); *see also Fund for Animals v. Bureau of Land Mgmt.*, 357 F.Supp. 2d 225, 229 (D.D.C. 2004) (holding that when implementation of an action requires further agency decision making, the announcement of a decision is not a final action). Thus, a failure to adjudicate the application is a complete failure to act.

25. Defendants owe Plaintiff a duty to adjudicate Plaintiff's visa and have unreasonably failed to perform that duty.

26. Defendants have willfully and unreasonably delayed in the review and adjudication of Plaintiff's nonimmigrant visa, thereby forcing Plaintiff to endure what seems to be a never-ending wait. Indeed, by declining to adjudicate the visa application, Defendants have deprived Plaintiff the ability to work at her employer and reside with her husband in the United States.

27. Plaintiff has a right to have the visa adjudicated immediately, and she has no other adequate legal remedy available to her. Defendants' continued delay has deprived Plaintiff of the many privileges that accompany the approval of a nonimmigrant visa, including the opportunity to enter the U.S. to temporarily work and provide her expertise to the American economy.

28. For these reasons, this Court should find that the delay in processing Plaintiff's case is not reasonable.

**SECOND CAUSE OF ACTION**
**(Writ of Mandamus Act (28 U.S.C. § 1361))**

29. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

30. Plaintiff seeks a writ of mandamus to compel Defendants "to perform a duty

owed to the plaintiff." 28 U.S.C. § 1361.

31. Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See id*.

32. Plaintiff is eligible for and has fulfilled all requirements for issuance of the nonimmigrant visa. She has submitted all necessary information and evidence supporting her petition and application.

33. Defendants have a clear, ministerial, and nondiscretionary duty to adjudicate the visa application as it has been properly completed and executed. 8 U.S.C. § 1202.

34. Defendants have unlawfully and unreasonably delayed and withheld adjudication of Plaintiff's visa despite a clear duty to do so.

35. The delay is causing Plaintiff harm by denying her the opportunity to temporarily work and reside in the United States and offer valuable contributions to the economy.

36. Therefore, Plaintiff seeks an order compelling the Department of State to adjudicate her nonimmigrant visa application without further delay.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Issue a Writ of Mandamus compelling Defendant to adjudicate Plaintiff's visa application within 45 days;

(3) Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiff's visa to be in direct violation of the APA, the INA, and

federal regulations;

(4) Award Plaintiff costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law; and

(5) Grant such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 24rd day of June, 2026.

/s/ Jesse M. Bless
Jesse M. Bless (MA 660713)
Bless Litigation
6 Vineyard Lane
Georgetown MA 01833
781.704.3897
Jesse@blesslitigation.com
Local Counsel for Plaintiff

/s/ Thomas Evans
Thomas A. Evans, Esq.
Georgia Bar #: 305649
Kuck Baxter LLC
Ph: (404) 949.8176
Fax: (404) 816.8615
tevans@immigration.net
(*Pro Hac Vice* admission pending)